## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VICKIE PITTMAN,**                                          CIVIL ACTION
   **Plaintiff**

**VERSUS**                                                   NO.  19-11933

**MARRIOTT INTERNATIONAL,**                                  SECTION: "E"(5)
**INC., ET AL.,**
    **Defendants**

### ORDER AND REASONS

     Before the Court is a motion to enforce settlement filed by Defendant Marriott

Hotel Services, Inc. (Marriott).[1] For the following reasons, the motion is **DENIED**.

### BACKGROUND

     This case arises out of pro se Plaintiff Vickie Pittman's alleged slip and fall accident

on August 17, 2017, at the Marriott New Orleans.[2] On January 24, 2020, Defendants'

counsel conveyed a written settlement offer of $32,500 to Matthew Hemmer of Morris

Bart, LLC, who was Pittman's counsel at that time, via email.[3] On the same day, Hemmer

sent an email to Defendants' counsel in which he said "[a]greed and accepted."[4] On

January 25, 2020, Hemmer provided his firm's W-9 to Defendants' counsel to enable the

settlement without tax withholding.[5] On March 6, 2020, the Court issued an Order of

Dismissal stating "the Court specifically retains jurisdiction to enforce the settlement

agreement if settlement is not consummated within sixty days."[6] Defendant Marriott then

---

[1] R. Doc. 16. Intervenor Plaintiff Morris Bart, LLC filed a response. R. Doc. 22. Defendant Marriott filed a reply. R. Doc. 27.
[2] R. Doc. 1-1.
[3] R. Doc. 16-4.
[4] R. Doc. 16-5.
[5] R. Doc. 16-6.
[6] R. Doc. 15.

issued a check for $32,500 and sent it to Morris Bart, LLC, but the firm never negotiated the check.[7]

On May 20, 2020, Marriott filed the instant motion to enforce settlement arguing Pittman has not fulfilled her obligations under the settlement agreement of January 24, 2020, because she did not negotiate the settlement check and did not execute a release.[8] Marriott requests the Court enforce the settlement agreement by an order of specific performance.[9] On June 5, 2020, Hemmer withdrew from representing Pittman,[10] and Morris Bart, LLC filed an intervenor complaint against Pittman.[11] During a status conference on July 31, 2020, in which Pittman, counsel for Defendants, and Hemmer participated, Pittman informed the Court she opposes the motion to enforce settlement and represented she did not authorize Hemmer to agree to the settlement on her behalf.[12]

## LAW AND ANALYSIS

Federal courts "apply general principles of state contract law to resolve issues of contract formation."[13] Accordingly, the Court applies Louisiana law to determine whether the parties reached an enforceable settlement agreement. Louisiana Civil Code article 3071 provides:

> A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.[14]

---

[7] R. Doc. 32.
[8] R. Doc. 16; R. Doc 16-4, at 1.
[9] R. Doc. 16-1, at 2.
[10] R. Doc. 23.
[11] R. Doc. 24.
[12] R. Doc. 32.
[13] *Hill v. Hornbeck Offshore Services, Inc.*, 799 F. Supp. 2d 658, 661 (2011) (E.D. La. 2011) (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)).
[14] LA. CIV. CODE art. 3071.

The two elements of a compromise are: "(1) mutual intention of putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences."[15] In this case, the Court finds the purported settlement agreement between Pittman and Defendants on January 24, 2020, is not enforceable because the parties did not share a "mutual intention of putting an end to the litigation."[16] Specifically, Hemmer did not posses the authority to enter into a settlement agreement on Pittman's behalf, and Pittman did not consent to the agreement discussed on January 24, 2020.

"Attorneys are presumed to have the authority to negotiate a settlement proposal for their clients, however, they may not enter into a binding agreement without the client's clear and express consent."[17] "Defendants are presumed to be aware of these requirements of the law and assume the risk of their failure to determine that such requirements have been met."[18] In *F&S Equipment Co. v. International Matex Tank Terminals*, the Louisiana Court of Appeal for the Fourth Circuit determined the plaintiff was not bound by his attorney's agreement to settle a case because the plaintiff did not consent to the settlement.[19] In support of this finding, the Court noted the plaintiff never negotiated the tendered settlement check and never signed the desired release agreement.[20] Accordingly, the Court stated, "Without some evidence of a[n] appellant's

---

[15] *Brown v. Drillers, Inc.*, 630 So.2d 741, 747 n.8 (La. 1994). Marriott emphasizes Louisiana law requires a settlement agreement be reduced to writing. La. Civ. Code art. 3071. The Court agrees the writing requirement is satisfied by the order of dismissal issued in this case. *May v. Hummingbird Aviation, LLC*, No. CV 08-1190, 2009 WL 10679749, at *3 (E.D. La. Dec. 16, 2009) (citing *Mull v. Marathon Oil Co.*, 658 F.2d 386, 388 (5th Cir. 1981)).

[16] *Brown*, 630 So.2d at 747 n.8.

[17] *F&S Equip. Co. v. Int'l Matex Tank Terminals*, 469 So. 2d 256, 257 (La. Ct. App. 1985*), writ denied sub nom. F & S Equip. Co. v. Int'l-Matex Tank Terminals*, 475 So. 2d 358 (La. 1985) (citing *Singleton v. Bunge Corp.*, 364 So.2d 1321 (La. Ct. App. 1978)).

[18] *Townsend v. Square*, 94-0758 (La. App. 4 Cir. 9/29/94), 643 So. 2d 787, 790.

[19] *F&S Equip. Co.*, 469 So. 2d at 257.

[20] *Id.*

3

consent we must find that the 'settlement agreement' at issue herein does not comply with Civil Code Article 3071 and hence is not enforceable."[21]

Similarly, in *Townsend v. Square*, the Louisiana Court of Appeal for the Fourth Circuit determined letters sent between the lawyers for the plaintiff and the defendants in that case did not form an enforceable settlement agreement because "nothing in the letters show[ed] that [the plaintiff] acquiesced in a settlement."[22] The court also rejected the defendants' argument they were justified in relying on the plaintiff's lawyer's "apparent authority" to settle the claim.[23] The court stated, "defendants fail to demonstrate a reasonable basis in the letters for concluding that [the plaintiff's counsel] had authority to enter a binding settlement agreement without first obtaining [the plaintiff]'s acquiescence and approval.[24]

In this case, there is no indication in the emails between Marriott's counsel and Hemmer that Pittman consented to settling this case for $32,500.[25] To the contrary, there is ample evidence Pittman did not consent to such a settlement. First, as in *F&S Equipment Co.*, Pittman never negotiated Marriott's settlement check and never signed a release agreement. As a result, "[w]ithout some evidence of[ Pittman]'s consent we must find that the 'settlement agreement' at issue herein does not comply with Civil Code Article 3071 and hence is not enforceable."[26] Second, Hemmer did not have the "apparent authority" to settle this matter. As in *Townsend*, there is no "reasonable basis in the [emails between Hemmer and Defendants' counsel] for concluding that [Hemmer] had

---

[21] *Id.*
[22] *Townsend*, 643 So. 2d at 791.
[23] *Id.*
[24] *Id.*
[25] R. Doc. 16-4; R. Doc. 16-5.
[26] *F&S Equip. Co.*, 469 So. 2d at 257.

authority to enter a binding settlement agreement without first obtaining [Pittman]'s acquiescence and approval.[27]

## CONCLUSION

**IT IS ORDERED** that Defendant Marriott's motion to enforce settlement is **DENIED**.[28]

The Clerk of Court shall serve a copy of this order by regular mail addressed to Plaintiff at the address listed below. The Clerk of Court also shall serve a copy of this order by e-mail to Plaintiff at the e-mail address listed below.

Clerk to Notify via Regular Mail:

Vickie Pittman
4402 Atwood Drive.
Tampa, FL 33610

Clerk to Notify via E-Mail:

Vickie Pittman
vickieetta7@yahoo.com.

**New Orleans, Louisiana, this 6th day of August, 2020.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[27] *Townsend*, 643 So. 2d at 791.
[28] R. Doc. 16.